■ FRANK SARNATARO, Appellant-Respondent, v THOMAS PRESTA et al., Respondents-Appellants, et al., Defendants. (And a Second Action.) — In an action, *inter alia,* to compel defendants Thomas Presta and Five North Tyson, Inc., to convey certain premises to plaintiff, (1) plaintiff appeals from so much of an order of the Supreme Court, Nassau County, entered July 9, 1980, as granted said defendants' cross motion to dismiss the complaint to the extent of dismissing plaintiff's first cause of action; and (2) said defendants appeal from a further order of the same court entered August 25, 1980 which denied their motion to reargue, *inter alia,* their cross motion with respect to an attempt to dismiss the second cause of action. Appeal from the order entered August 25, 1980, dismissed, without costs or disbursements. No appeal lies from an order denying reargument. Order entered July 9, 1980 reversed insofar as appealed from, without costs or disbursements, and the cross motion is denied with respect to plaintiff's first cause of action insofar as it is based on the theory of constructive trust. Plaintiff alleges that prior to a foreclosure sale of his property, defendant Presta agreed to purchase the premises on his behalf on the conditions that the plaintiff (1) continue to pay the carrying charges on the first mortgage on the property; (2) pay the carrying charges on a second mortgage by which defendant Five North Tyson, Inc., encumbered the property; and (3) pay Presta a bonus for his trouble. Plaintiff asserts that the above arrangement was to continue until he offered Presta the balance of the purchase price and the bonus in return for the reconveyance of the property. It is further alleged by plaintiff that defendants Presta and Five North Tyson, Inc., refused to reconvey on plaintiff's request. The issues are whether a confidential relationship existed between plaintiff and said defendants and whether a constructive trust arose as a result of the alleged agreement and confidential relationship. The complaint sufficiently states facts which, if established at trial, would create a cause of action based on the theory of constructive trust. Accordingly, we are reinstating the first cause of action insofar as it seeks to impress a constructive trust on plaintiff's premises. The

Statute of Frauds is not a bar to such an action. Mollen, P. J., Hopkins, Lazer and Mangano, JJ., concur.